ENOLA STEVENS FRANKLIN, Ex'x of the Estate of Frank A. White-head, Deceased, Plaintiff and Counterdefendant-Appellant, *v.* ANNA NATIONAL BANK, Defendant and Counterplaintiff-Appellee.—(Cora Goddard, Counterdefendant-Appellee.)

Fifth District   No. 82—446

Opinion filed April 29, 1983.

John Womick, of Carbondale, for appellant.

James L. Karraker, of Anna, for appellee Cora Goddard.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

The plaintiff, Enola Stevens Franklin, appeals from a final order of the circuit court of Union County which granted summary judgment for the interpleaded counterdefendant, Cora Goddard. The plaintiff raises three issues for our review. First, she contends that the trial court erred in allowing the defendant, Anna National Bank, interpleader relief before the matter was at issue, before the parties were before the court, and at a time when the relief had not been requested. Second, she asserts that the court erred in granting summary judgment to the counterdefendant when that party was not properly before the court. Third, she avers that the trial court erred in granting summary judgment in that material questions of law and fact were unresolved. For the reasons which follow we reverse the judgment of the circuit court and remand for further proceedings.

A brief statement of the procedural history of this case is necessary to an understanding of the issues on appeal. On July 24, 1981, the plaintiff, in her capacity as executrix of the estate of Frank A. Whitehead, filed a two-count complaint in the circuit court of Union County. Count I of the complaint alleged that the defendant was indebted to Whitehead in the sum of $11,523.23. Count II alleged that the same sum was on the books of the defendant bank as an interest-bearing passbook savings account and that the defendant had fraudulently refused to pay the sum to the plaintiff. The defendant filed an answer denying the material allegations of the complaint and a counterclaim for interpleader against the plaintiff and against Cora Goddard as counterdefendants. The counterclaim alleged that the defend-

ant-counterplaintiff held a deposit in the amount of $11,826.86 pursuant to an agreement between the counterplaintiff, Whitehead, and Goddard. The counterclaim further alleged that Goddard, as the surviving joint tenant, had a claim for the entire amount and that the counterplaintiff was therefore subject to double liability. The counterclaim then prayed that the counterdefendants be required to interplead in accord with section 26.2 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 26.2, now Ill. Rev. Stat. 1981, ch. 110, par. 2—409), and requested leave to pay the amount of the deposit account to the clerk of the circuit court. This relief was granted by the trial court on October 22, 1981. On February 1, 1982, the counterdefendant Cora Goddard filed an answer to the counterclaim and a motion for summary judgment based on her status as surviving joint tenant. Attached to the motion for summary judgment was the affidavit of Delano Mowery, president of the defendant-counterplaintiff Anna National Bank. The affidavit stated under oath that the records of the bank on April 17, 1978, reflected a joint account agreement of the Anna National Bank executed by and between Frank A. Whitehead and Cora T. Goddard. A copy of the account agreement was attached as an exhibit and specified that all funds in the account were joint property owned as joint tenants with the right of survivorship and that "upon the death of either of us the balance in said account shall become the absolute property of the survivor." The plaintiff-counterdefendant filed a counteraffidavit on oath stating that Whitehead had terminated the joint account by "proper order" to the bank and thereby had extinguished any interest which Goddard may have had in the account. On May 6, 1982, the trial court found that there was no genuine issue as to any material fact and allowed Cora Goddard's motion for summary judgment. The defendant filed a post-trial motion on June 4, 1982, which was denied on July 2, 1982. The plaintiff filed her notice of appeal on July 30, 1982.

■ The plaintiff's first assertion of error is that interpleader relief was inappropriate because the counterclaim did not comply with the joinder provisions of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, pars. 23 through 26, now Ill. Rev. Stat. 1981, ch. 110, pars. 2—404 through 2—407) and because the counterplaintiff filing the interpleader action was not a disinterested stakeholder. We find both of these arguments unpersuasive. Compliance with other joinder provisions is not required by the interpleader statute and we refuse to interpret the statute in such a manner. While the common law bill of interpleader required, *inter alia*, that the party seeking interpleader must be a neutral stakeholder (see, *e.g., Platte Valley State Bank v.*

*National Live Stock Bank* (1895), 155 Ill. 250, 257, 40 N.E. 621; see also Ill. Ann. Stat., ch. 110, par. 26.2, Joint Committee Comments, at 333 (Smith-Hurd 1968)), we need not decide whether this is also a requisite for relief under the statute as the bank in the instant case has made no claim to the fund or against the other parties. We therefore find no application in the instant case for the plaintiff's objection.

■ The plaintiff next contends that the trial court erred in granting summary judgment in that Cora Goddard was not properly before the court. A defendant is authorized by statute to interplead by counterclaim. (Ill. Rev. Stat. 1981, ch. 110, par. 2—409.) The cited statute also provides that "[p]ersons *having claims*" arising out of the same or related subject matter may be required to interplead. (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 110, par. 2—409.) Taking the authorization for proceeding by counterclaim together with the emphasized plural language, we conclude that these statutory provisions impliedly authorize the addition of new parties by counterclaim seeking interpleader. This conclusion is strengthened by the purpose of the statute: to avoid exposing a stakeholder to multiple liability. (See *Drabik v. Lawn Manor Savings & Loan Association* (1978), 65 Ill. App. 3d 272, 275, 382 N.E.2d 333.) If such joinder were not permitted the stakeholder would be forced to litigate separate suits, and thus risk incurring multiple liability. This result is precisely what the statute seeks to avoid. We also note the case of *Johnson v. Moon* (1954), 3 Ill. 2d 561, 567-70, 121 N.E.2d 774, wherein our supreme court determined that the Civil Practice Act authorized the joinder of new parties by counterclaim where the controversy "delimited by the complaint and the counterclaim *** relates to a single occurrence, and presents common questions of law and fact." (3 Ill. 2d 561, 570.) This rationale is similar to that underlying the interpleader statute and the same result should obtain in both situations. We therefore conclude that Cora Goddard was properly joined as a counterdefendants.

■ The plaintiff's argument implicitly questions whether the answer filed by the counterdefendant in response to the interpleader counterclaim properly presented to the circuit court the counterdefendant's assertion of right to the property at issue. An answer is merely the "first pleading [filed] by the defendant." (Ill. Rev. Stat. 1981, ch. 110, par. 32, now Ill. Rev. Stat. 1981, ch. 110, par. 2—602; but see *Benckendorf v. Burlington Northern R.R.* (1983), 112 Ill. App. 3d 658, 661, 445 N.E.2d 837, 840.) In the context of interpleader, the purpose of the proceeding is to determine which party has the greater right to a particular, disputed fund. Where an interpleaded party asserts no separate cause of action against another party, nor any affirmative

defenses seeking to avoid the claim of another party, we discern no difference between a party asserting its right to the *fund* by an answer or by a counterclaim. Moreover, the interpleader statute does not establish a manner in which a new party joined by a counterclaim for interpleader may assert his claim. Where the interpleaded party raises no affirmative defense or separate cause of action, and seeks only to assert his right to the interpleaded sum, we perceive no resulting confusion or prejudice in allowing assertion of that right by the answer. In light of the instant answer's prayer for relief requesting the bank account to be ruled to be the counterdefendant Goddard's sole property, we cannot say that the original plaintiff was unaware of or surprised by Goddard's claim or its assertion in this proceeding. We conclude that Goddard's claim to the fund in question was properly before the court.

■ The plaintiff's last assertion of error is that the trial court erred in granting summary judgment in that genuine issues of material fact remained unresolved. The plaintiff contends that several "facts" were in issue. Upon analysis, however, only one of these merits discussion. Goddard's motion for summary judgment was accompanied by the sworn affidavit of Delano Mowery, the bank president. This affidavit alleged that the account and funds were, on December 22, 1982, in the name of Frank A. Whitehead and Cora T. Goddard as joint tenants with the right of survivorship. None of the parties denies that Whitehead died on December 22, 1980. A copy of the signature agreement was attached to Mowery's affidavit. The plaintiff's counteraffidavit, for the most part, alleged facts based on information and belief. The allegation that Whitehead had terminated the joint account, however, was based on personal knowledge and under oath. This allegation is sufficient to raise a genuine issue of material fact under the test set forth in *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 586-87, 272 N.E.2d 497, as the allegation contradicts Mowery's sworn averment that the joint tenancy existed when Whitehead died. Summary judgment is therefore inappropriate.

■ Nor are we persuaded by appellee's argument that the affidavit is incompetent because the affiant, plaintiff in this cause, is an "interested person" barred from testifying by section 2 of the Evidence Act. (Ill. Rev. Stat. 1981, ch. 51, par. 2, now Ill. Rev. Stat. 1981, ch. 110, par. 8—201.) The statute bars only those parties or persons adverse to the representative of a deceased person. As the representative, plaintiff is not adverse to herself and therefore is not barred from testifying by section 2. *Scianna v. Scianna* (1966), 69 Ill. App. 2d 388, 217 N.E.2d 101, is therefore distinguishable as in that case

the affiant was adverse to the administratrix. In the instant case, plaintiff's counteraffidavit was not barred by section 2, and we conclude that summary judgment was therefore inappropriate, and the judgment of the circuit court of Union County is accordingly reversed and this cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

KARNS and JONES, JJ., concur.