CHICAGO TITLE AND TRUST COMPANY, Trustee, Plaintiff-Appellee, *v.* EUGENIA CZUBAK *et al.*, Defendants-Appellees.—(EUGENIA CZUBAK *et al.*, Counterplaintiffs-Appellees, *v.* EDWARD J. PALUCH *et al.*, Counterdefendants-Appellants.)

First District (4th Division)   No. 62733

Opinion filed September 22, 1976.

Edward J. Paluch, of Chicago, for appellants, *pro se:*

Concannon, Dillon, Snook & Morton, of Chicago (John B. Dillon, of counsel), for appellee Chicago Title and Trust Company.

Sudak, Grubman, Rosenthal & Feldman, of Chicago (Alan E. Sohn, of counsel), for appellees Eugenia Czubak *et al.*

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

In this action, plaintiff, Chicago Title and Trust Company (hereinafter CTT), filed a complaint for instruction asking the court to determine which of certain defendants was vested with the beneficial interest and power of direction in a land trust. The trial court found the beneficial interest and power of direction vested in Eugenia Czubak, a defendant and the counterplaintiff-appellee. Therefore, Edward Paluch, defendant-counterdefendant-appellant, appeals from the trial court's decision and the following issues are raised for review: (1) whether there was a genuine issue of material fact in the complaint for instruction; (2) whether the complaint for instruction stated a cause of action; and (3) whether the counterclaim stated a cause of action.

The pleadings reveal that on December 2, 1972, Eugenia Czubak, counterplaintiff; Richard Czubak, her son; Helen Stasiak, the aunt of Eugenia's husband; Harry Mikol, the representative of CTT; and Igor Kovac, an attorney, met at Kovac's office where they discussed the purchase of a piece of real estate held in trust, located at 1722 West Julian Street in the city of Chicago. Helen Stasiak provided the funds for the purchase of the property and the grantees in the deed were to be Eugenia and Richard Czubak. On the date the real estate contract and deed were drafted, a trust agreement, Trust No. 61119 with CTT as trustee, was also prepared which vested the beneficial interest along with the power of direction in Eugenia Czubak. Shortly after December 25, 1972, Eugenia started receiving telephone calls from Edward Paluch, an attorney who represented Helen Stasiak. He called Eugenia on several occasions and told her that she would be arrested unless she executed a direction to convey. When Eugenia was away from home, other members of her family were contacted and told that Eugenia would be incarcerated if she failed to sign certain documents. Finally, on February 15, 1973, Eugenia appeared in Kovac's office and instructed him to prepare a direction to convey which was tendered to Paluch who presented it to CTT, but the trustee refused to act on the document.

On February 9, 1973, a complaint to remove cloud on title was filed on behalf of Helen Stasiak by Paluch against Eugenia Czubak and CTT. The complaint alleged that the entire purchase price for the real property held by CTT was paid for by Helen Stasiak, that Eugenia Czubak had no interest in the property held in the land trust, and that Eugenia fraudulently and unlawfully caused the beneficial interest in said trust to be placed in her own name. Then, on March 1, 1973, Helen Stasiak died

and left an instrument purporting to be her last will and testament that was dated February 1, 1973. The will bequeathed the subject property at 1722 West Julian to a nephew, Boleslaw Czubak of San Francisco, California. The will was filed with the clerk of the probate court; however, it was never admitted to probate. Then, on March 6, 1973, Paluch had the case he filed against Czubak and CTT dismissed.

After the preceding events, CTT filed its complaint for instruction asking the court for advice and instruction and named the following parties as defendants: (1) Eugenia Czubak, the person vested with the beneficial interest and having the power of direction under the trust; (2) Edward Paluch, the grantee in the direction to convey executed by Eugenia Czubak; (3) the heirs at law of Helen Stasiak, Mary Warchol, Christine Kulesza, Boleslaw Czubak, also known as Byron Chubak, the sole legatee under the instrument purporting to be the last will and testament of Helen Stasiak, and Richard Czubak, the person the beneficial interest would pass to on the death of Eugenia Czubak; and (4) the parties listed as unknown owners.

On August 6, 1973, Eugenia and Richard Czubak filed an answer to CTT's complaint for instruction and a counterclaim against Edward Paluch and Boleslaw Czubak. The counterclaim alleged that the counterdefendants engaged in a conspiracy to obtain control of the assets of Helen Stasiak by intimidating and harassing Eugenia Czubak and this conduct culminated in the execution of a direction to convey the subject real estate to Paluch and Czubak. Finally, the counterplaintiffs aver that the direction to convey was without consideration and is therefore null, void and of no effect.

■■ ■ In this appeal, the defendant argues that the complaint for instruction did not present an issue of material fact and failed to state a cause of action. CTT, on the other hand, maintains that its complaint for instruction was in fact a complaint or bill of interpleader and that section 26.2 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 26.2) permits such actions when "[p]ersons having claims against the plaintiff arising out of the same or related subject matter may be joined as defendants and required to interplead when their claims may expose plaintiff to double or multiple liability." We think the complaint for instruction presents an issue of material fact and states a cause of action since it delineates the property in controversy, describes the property held by the stakeholders, delineates the nature of the conflicting claims which are being or may be asserted against the stakeholder, and the stakeholder indicates that he is in doubt as to which of the claimants is entitled to the property. In addition, there is a prayer for relief requesting that the claimants be required to resolve their claims in the subject proceedings, that the stakeholder be discharged from liability except to

the successful claimant, and that the stakeholder be awarded cost. CTT properly instituted these proceedings to avoid the hardship of multiple liability which is what the statute was promulgated to prevent. (*Aetna Life Insurance Co. v. Strickland* (1975), 33 Ill. App. 3d 52, 55, 337 N.E.2d 285.) When there are conflicting claims to a deposited fund or property, as we have in the instant case, the stakeholder is not required to make a determination as to the rights of the prospective claimants but should place the money or property before the court to avoid acting at his own peril. (*Franks v. North Shore Farms, Inc.* (1969), 115 Ill. App. 2d 57, 64, 253 N.E.2d 45.) In our opinion, the CTT complaint was legally sufficient to withstand the challenge made by the defendant in this case.

■■ The defendant also argues that the counterclaim of Eugenia Czubak fails to state a cause of action because it alleges general allegations or conclusions without making any averments of fact. We disagree with the defendant's conclusion. In our opinion, the counterclaim states a cause of action since it informed and notified the defendants and the court of the claims and defenses of the pleader, and provided enough information to indicate a ground for liability sufficient to support a judgment. *Parrino v. Landon* (1956), 8 Ill. 2d 468, 473, 134 N.E.2d 311; *Hall v. Gruesen* (1959), 22 Ill. App. 2d 465, 469, 161 N.E.2d 345.

■■ Finally, the counterplaintiffs argue that attorneys fees and costs, both in the trial court and on appeal, should be assessed against the counterdefendant. The counterplaintiffs made a motion for attorneys fees pursuant to section 41 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 41), and they cite *In re Estate of Palm* (1973), 11 Ill. App. 3d 24, 295 N.E.2d 580, and *Manchester Insurance & Indemnity Co. v. Strom* (1970), 122 Ill. App. 2d 183, 258 N.E.2d 150, as authority for their position. In spite of the fact that the cases relied on by the counterplaintiffs are authority for attorneys fees and court costs when false or frivolous pleadings are filed by a litigant, the trial judge saw fit to deny the section 41 motion. Instead, he entered an order that counterplaintiffs shall have and recover of and from the counterdefendants, jointly and severally, the sum of $1 as compensatory damages, together with their court costs. We affirm the order of the trial court and remand this cause for a determination of court costs.

For the foregoing reasons, the decision of the circuit court of Cook County is affirmed and cause remanded.

Affirmed and cause remanded.

DIERINGER and ADESKO, JJ., concur.