FIRST FINANCIAL INSURANCE COMPANY, Plaintiff-Appellee, *v.* GLEN C. JOHNSON, JR., *et al.*, Defendants-Appellants.

Second District   No. 77-570

Opinion filed February 8, 1979.

Craig M. Armstrong, of Armstrong & Carter, of Ottawa, for appellants.

Robert M. Hansen and R. J. Lannon, Jr., both of Herbolsheimer, Lannon & Henson, of LaSalle, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The complaint of First Financial Insurance Company for interpleader asking that it be allowed to deposit the full amount of its policy to satisfy the potential claims of various defendants involved in an automobile collision with its insured was dismissed on the motion of one of the defendants. Other defendants appeal from the judgment which denied their motion to vacate the order of dismissal.

The insured, Glen C. Johnson, Jr., was involved in an automobile collision on August 15, 1976, which resulted in the death of one of his passengers, injuries to another passenger, as well as injuries to several persons in the other car. The policy of insurance issued to Johnson was in the amount of $20,000 and the potential multiple claims far exceeded the policy coverage. On September 9, 1976, David S. Sturgen, the driver of the other car involved in the collision with Johnson, filed suit in the Circuit Court of Kendall County against the insured seeking $100,000 in damages; and Peggy A. Peterson, a passenger in the Sturgen car, filed suit claiming damages of $250,000.

The insurance company on November 19, 1976, filed its complaint

for interpleader naming as defendants its insured, Sturgen, Peterson and other passengers who were either in the Johnson or the Sturgen vehicle.

On January 12, 1977, a representative of the deceased passenger and an individual passenger in Johnson's car also brought suit for wrongful death and personal injuries respectively. Melynn Thompson sought $50,000 in damages and the administrator of the estate of David Thompson, deceased, sought $100,000 in damages. On February 14, 1977, Peggy A. Peterson and David Sturgen jointly filed a motion to dismiss the complaint for interpleader on the ground that none of the unliquidated tort claims had been reduced to judgment at that time. The trial judge wrote to counsel on June 7, 1977, informing them that he would dismiss the complaint for interpleader and requesting that the attorneys for Peterson and Sturgen prepare an order. The Thompsons filed a motion to consolidate their case with those of Peterson and Sturgen, which was denied on July 1, 1977. The order granting the motion to dismiss was signed on July 8, 1977, some three days before the Sturgen-Peterson cases were to go to trial. The Peterson-Sturgen cases were settled on the day of trial for $17,500. A motion to vacate the order dismissing the complaint for interpleader was filed on August 3, 1977, and denied on September 14, 1977, and this appeal followed.

The essential issue is whether an interpleader action by an insurer is subject to dismissal solely because the tort claims against an insured are unliquidated.

Interpleader in Illinois is governed by section 26.2 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 26.2). As pertinent that section provides:

> "Persons having claims against the plaintiff arising out of the same or related subject matter may be joined as defendants and required to interplead when their claims may expose plaintiff to double or multiple liability. It is not a ground for objection to interpleader that the claims of the several claimants or the titles upon which their claims depend do not have a common origin or are not identical, or are adverse to or independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any of or all the claimants."

While both parties to the appeal before us agree that the interpleader complaint should not have been dismissed the question whether "claims against the plaintiff" includes claims against the insured not yet reduced to judgment does not appear to have been decided in Illinois.

■■ However, section 26.2 providing for interpleader in Illinois is derived from and is worded substantially the same as Federal Rule of Civil Procedure 22(1) (Fed. R. Civ. P. 22(1)) and it was the prime intention of the drafters of section 26.2 to follow the liberal scope of the Federal rule

(see Ill. Ann. Stat., ch. 110, par. 26.2, Historical and Practice Notes (Smith-Hurd 1968)). See also *Dowsett v. City of East Moline*, 8 Ill. 2d 560, 567 (1956); 1967 U. Ill. L.F. 274, 279.

In reviewing the Federal decisions on the issue of interpleading unliquidated tort claims it must be noted that Federal interpleader may be brought either under the statutory provisions of section 1335 of the Judicial Code (28 U.S.C. §1335 (1976)) or under Federal Rule 22(1) and a difference in the wording of the two sections has been considered relevant in some cases. Section 22(1) refers to persons "having claims against the plaintiff * * * such that the plaintiff is or may be exposed to double or multiple liability"; while section 1335 has the broader reference to persons who "are claiming or *may* claim" to be entitled to available benefits. The United States Supreme Court has held that an insurance company need not wait until claimants have "reduced [their] claims to judgment" in order to be entitled to interpleader under section 1335. (*State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 532, 18 L. Ed. 2d 270, 276, 87 S. Ct. 1199, 1204-05 (1967).) *Tashire* did not involve interpleader under Federal Rule 22(1) and the Supreme Court footnoted the conflicting decisions and authorities as to unliquidated claims under that Rule. 386 U.S. 523, 529 n.3, 18 L. Ed. 2d 270, 274 n.3, 87 S. Ct. 1199, 1202 n.3.

One of the cases noted by the majority was *Underwriters at Lloyds v. Nichols*, 363 F.2d 357 (8th Cir. 1966). There the holding was that an insurance company could interplead potential tort claimants under Federal Rule 22.1. The claimants were landowners whose crops were mistakenly sprayed with herbicide. Total claims were expected to be over $50,000 while the insurance coverage was limited to $20,000. The court noted that although under the applicable Arkansas law there was no statute allowing direct actions against insurance companies, Rule 22 interpleader could be used by an insurance company faced with multiple tort claims. Quoting from Judge Skelly Wright's opinion in *Pan American Fire & Casualty Co. v. Revere*, 188 F. Supp. 474, 480 (E.D. La. 1960), the court stated:

> "The key to the clause requiring exposure to 'double or multiple liability' is the words 'may be'. The danger need not be immediate; any possibility of having to pay more than is justly due, no matter how improbable or remote, will suffice. At least, it is settled that an insurer with limited contractual liability who faces claims in excess of his policy limits is 'exposed' within the intendment of Rule 22, and we need go no further to find the requirement satisfied here." (363 F.2d 357, 364.)

See also *Empire Fire & Marine Insurance Co. v. Crisler*, 405 F. Supp. 990, 993 (S.D. Miss. 1976).

It further appears that even prior to the enactment of section 26.2 of

the Illinois Civil Practice Act, the Illinois Supreme Court in an early case stated that as to a bill of interpleader "[t]he ground of jurisdiction is the apprehension of danger * * * from the doubtful and conflicting claims of the several parties, as between themselves." (*Newhall v. Kastens*, 70 Ill. 156, 159 (1873).) In *Newhall*, the court held that the bill of interpleader would lie regardless of whether suits had been filed by the interpleaded defendants. (70 Ill. 156, 159.) More recently the supreme court of Kansas interpreting the rule, which in pertinent part is the same as section 26.2 of our Civil Practice Act and Federal Rule 22, held that interpleader could be used by an insurance company faced with multiple court claims even though the claims were only "probable." *Club Exchange Corp. v. Searing*, 222 Kan. 659, 567 P.2d 1353, 1357 (1977).

We therefore conclude that the unliquidated tort claims were "claims" against the insurance company within the intent and meaning of section 26.2 of the Illinois Civil Practice Act and that the trial court erred in dismissing the complaint for interpleader.

As previously noted the Thompson defendants have taken this appeal and they have not been joined by the Peterson-Sturgen defendants. These appellants contend that the reviewing court should decide whether an insurance company which settled with one of the claimants for three-fourths of the amount of the policy three days after the interpleader action was dismissed acted properly in light of counsel's notice that he would perfect an appeal. They further request that we determine the amount the insurance company should put up as a stake to be deposited with the circuit court. The insurance company answers that the notice of appeal related only to the July 8, 1977, order dismissing the interpleader on the Peterson-Sturgen motion; and that neither the propriety of the settlement nor the amount of the stake have been determined at the trial court level and therefore should not be a part of this appeal. We agree.

The appeal is from a judgment refusing to vacate the order of dismissal of the insurer's complaint for interpleader with no prayer for an order compelling the insurer to put up a specified amount as stake. The notice of appeal therefore limits review. See Supreme Court Rule 303(c)(2) (Ill. Rev. Stat. 1977, ch. 110A, par. 303(c)(2)). See also *First National Bank v. City of Aurora*, 41 Ill. App. 3d 326, 329 (1976).

For the reasons stated we reverse the judgment of the trial court and remand the cause with directions to vacate the order dismissing the complaint for interpleader, and to hear evidence on the issues presented by the plaintiff's complaint, or any amendment which the trial court in its discretion may allow. (*Elmhurst National Bank v. Glos*, 99 Ill. App. 2d 74, 79 (1968).) If the court finds that the plaintiff has met its burden of proving each of the allegations of its pleading then it may direct the plaintiff to

deposit the amount alleged and thereby be released from further liability. (*City National Bank & Trust Co. v. Dunham*, 306 Ill. App. 354, 360 (1940). See also *Government-Employee's Insurance Co. v. Lane*, 441 F. Supp. 501, 503 (W.D. Okla. 1977).) Each defendant must then prove his right to the fund so deposited. *Elmhurst National Bank v. Glos*, 99 Ill. App. 2d 74, 79 (1968).

Reversed and remanded with directions.

NASH and LINDBERG, JJ., concur.