KOVITZ SHIFRIN NESBIT, P.C., Plaintiff and Counterdefendant-Appellee, v. ERNEST T. ROSSIELLO *et al.*, Defendants and Counterplaintiffs and Third-Party Plaintiffs-Appellants (Sudler and Company, Third-Party Defendant-Appellee; Camille Anderson, Defendant; Prairie House Condominium Association, Third-Party Defendant).

First District (3rd Division)   No. 1—08—0696

Opinion filed June 30, 2009.

Ernest T. Rossiello, of Chicago, for appellants.

Auske S. Rimas, of Kovitz Shifrin Nesbit, P.C., of Buffalo Grove, for appellee Kovitz Shifrin Nesbit, P.C.

Jacqueline M. Satherlie, of Kopka, Pinkus, Dolin & Eads, LLC, of Buffalo Grove, for appellee Sudler and Company.

JUSTICE THEIS delivered the opinion of the court:

This is an appeal from the circuit court's order allowing plaintiff and counterdefendant-appellee, Kovitz Shifrin Nesbit, P.C. (KSN), to voluntarily dismiss its complaint for interpleader, and dismissing the counterclaim for conversion filed by Ernest T. Rossiello and Ernest T. Rossiello and Associates, P.C. (Rossiello), the defendants, counterplaintiffs, and third-party plaintiffs-appellants. Rossiello claims that the circuit court erred in allowing KSN to dismiss its complaint for interpleader because Rossiello's pending motion for summary judgment remained unresolved. Additionally, Rossiello contends that the circuit court erroneously dismissed his counterclaim for conversion against KSN where KSN paid a settlement to his former client but failed to release his attorney fees, notwithstanding his valid attorney's lien claim. For the following reasons, we affirm in part and reverse in part and remand for further proceedings.

Rossiello represented Camille Anderson in her sexual harassment lawsuit against her former employer, Sudler and Company, and one of

its related entities, Prairie House Condominium Association. Rossiello and Anderson entered into a contingent fee agreement wherein Anderson assigned one-third of any recovery plus $10,000 to Rossiello. After the execution of that agreement, Rossiello served a notice of attorney's lien on KSN, which represented Sudler and Prairie House, pursuant to the Attorneys Lien Act (Act) (770 ILCS 5/1 (West 2006)).

Anderson had previously filed a union grievance against Sudler, which was still pending at the time her sexual harassment claim was filed. After the successful resolution of her grievance, she asked Rossiello to obtain a copy of the arbitration award. She then discharged Rossiello as her attorney and negotiated directly with Sudler to settle her sexual harassment claim for $35,000. In the meantime, Rossiello notified KSN that Anderson discharged him but that he was nevertheless entitled to $2,125 in fees for services rendered. He also sent a copy of that letter and a copy of his invoice to Anderson. Anderson notified KSN that she disputed Rossiello's claim for fees.

Sudler's insurer paid $32,875 to "Camille Anderson c/o Kovitz Shifrin Nesbit" pursuant to their settlement agreement. KSN retained $2,125 in fees claimed by Rossiello and deposited it in its escrow account. KSN informed Anderson and Rossiello that it would not disburse the fees to either party without consent from the other. Rossiello countered that KSN was required to have included his name on the settlement check to ensure his payment pursuant to his lien. He also asserted that KSN's retention of the fees constituted conversion and threatened to sue KSN to recover the fees and any expenses incurred in doing so.

KSN responded by filing a complaint for interpleader. It alleged that it possessed the disputed funds and that it would open itself up to liability from one party if it paid the funds to the other. KSN requested that Anderson and Rossiello interplead against each other in the case and sought to deposit the disputed funds with the court pending an adjudication of Anderson's and Rossiello's rights to the funds. Both Anderson and Rossiello filed appearances in the case, but neither of them filed separate claims against each other. KSN later filed a motion in which it sought an order requiring Anderson and Rossiello to "interplead as to each other" pursuant to section 2—409 of the Code of Civil Procedure (Code) (735 ILCS 5/2—409 (West 2006)). In its prayer for relief, KSN also sought leave to deposit the disputed funds with the court pending an adjudication of Anderson's and Rossiello's rights. The court ordered KSN to deposit the disputed funds, plus interest, with the court but did not rule on KSN's motion to require Anderson and Rossiello to interplead.

Anderson then filed an answer in which she denied that Rossiello represented her in her claims against Sudler and Prairie Home. However, elsewhere in her answer, she admitted that she discharged Rossiello as her attorney and admitted that she informed KSN of that fact.

Before answering the complaint, Rossiello filed a combined "Motion for Summary Judgment and Motion to Enforce Attorney's Lien." Therein, he asserted that he and Anderson entered into a contingent fee agreement related to her sexual harassment lawsuit and he sent notice of his attorney's lien based on that agreement to KSN and Sudler. He also stated that he filed an appearance on Anderson's behalf in that case, but she later terminated the attorney-client relationship and settled with Sudler privately. He stated that he requested payment from Sudler and KSN for his attorney fees, "which was $2,125 on *quantum meruit* alone." He concluded that paying Anderson any part of the settlement without including his name on Anderson's settlement check, and failing to pay his attorney fees outright pursuant to the lien, violated the Act and constituted conversion by KSN. He sought payment of his reasonable attorney fees plus expenses incurred in trying to recover them. Rossiello agreed to KSN's request to defer briefing on the combined motion and also sought an additional extension of the briefing schedule, in anticipation of Sudler's appearance in the case.

In his verified amended answer, Rossiello admitted that after he served his attorney's lien on KSN, "[KSN] was informed that Anderson discharged *** Rossiello as her counsel." He also admitted that after Anderson discharged him, "Rossiello notified [KSN] that his assertion of a lien was now in the fixed amount of $2,125." In his verified amended counterclaim, filed with the answer, he formally alleged that KSN converted the disputed funds, as he previously argued in his summary judgment motion.

KSN then moved to dismiss the verified amended counterclaim under section 2—615 of the Code (735 ILCS 5/2—615 (West 2006)), arguing, *inter alia*, that it complied with the Act by initially withholding the amount of attorney fees claimed by Rossiello from Anderson's settlement, pending resolution of the dispute. Furthermore, it deposited the fees with the circuit court and no longer had control over the funds. Thus, Rossiello could plead no set of facts that constituted conversion.

In his verified answer to the amended motion to dismiss, Rossiello argued that he adequately pled all of the elements of a conversion claim based on his absolute and immediate right to possession of the funds by virtue of the attorney's lien. He asserted that he was entitled

to $2,125 "in *quantum meruit*" for services rendered on Anderson's behalf before his discharge. He further argued that he was entitled to seek damages for the value of his services and his expenses incurred in recovering his property, as well as punitive damages for willful and reckless interference with the lien.

The court granted KSN's motion to dismiss the counterclaim for conversion, finding that "there's [no] cause of action here against [KSN] as it relates to this lien. I really think it is an argument between Mr. Rossiello and Ms. Anderson." In conclusion, the court stated, "I'm not giving [Rossiello] leave to refile because *** there's no cause of action [he] could ever plead against [KSN]."

Counsel for Sudler then requested that KSN be permitted to voluntarily dismiss its complaint for interpleader. The court granted KSN's oral motion, stating:

> "There's really nothing else to be done on the interpleader complaint. *** The complaint for interpleader was only to interplead these funds with the court, which has been done. *** [W]e are done with what you've asked me to do. So I suppose [the complaint for interpleader] too can go by the wayside. Mr. Rossiello's [counterclaim was] dismissed pursuant to motion, there's nothing else pending."

On appeal, Rossiello first contends that the circuit court erred in dismissing his counterclaim for failure to state a cause of action for conversion. He cites *Cirrincione v. Johnson*, 184 Ill. 2d 109 (1998), for the proposition that a cause of action for conversion exists where a valid physician's lien has been violated. In essence, he argues that we should extend the holding in *Cirrincione* to make it applicable to an attorney's lien violation, such as the one he has alleged. However, we need not undertake that legal analysis. Even if *Cirrincione* did apply here, Rossiello's counterclaim must be dismissed because he cannot state a claim for conversion.

We review the dismissal of a complaint *de novo*. *Davis v. Dyson*, 387 Ill. App. 3d 676, 682 (2008). We accept the well-pleaded facts in the complaint as true and construe them in the light most favorable to the plaintiff. *Davis*, 387 Ill. App. 3d at 682. However, we must dismiss the complaint where no set of facts could be proved under the pleadings that would entitle the plaintiff to relief. *Davis*, 387 Ill. App. 3d at 682.

■ To state a claim for conversion, a plaintiff must establish that: (1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over

the property. *Cirrincione*, 184 Ill. 2d at 114. Rossiello claims that he has adequately pled all of these elements. Specifically, he maintains that his absolute and unconditional right to the immediate possession of attorney fees derives from the fact that he had properly served a notice of attorney's lien on KSN. We disagree.

The Act provides that attorneys "shall have a lien upon all claims" pursued on behalf of their clients for the amount of any fees agreed upon by the attorney and client, or in the absence of such an agreement, for reasonable attorney fees and costs incurred in providing legal services in pursuit of such claims. 770 ILCS 5/1 (West 2006). The attorney must then perfect the lien by serving written notice of the lien on the party against whom the claim is made. 770 ILCS 5/1 (West 2006); *People v. Philip Morris, Inc.*, 198 Ill. 2d 87, 95 (2001). The lien attaches to any money or property recovered in the matter upon the disposition of the claim. 770 ILCS 5/1 (West 2006); *Philip Morris*, 198 Ill. 2d at 95.

However, perfecting a notice of lien does not guarantee a right of recovery. The notice of lien merely informs the adverse party of the attorney's claim and prevents that party from making a settlement in disregard of the lien. *Phelps v. Elgin Joliet & Eastern Ry. Co.*, 37 Ill. App. 2d 46, 52 (1962). In order to collect the claimed fees, the attorney must file a petition with a court of competent jurisdiction to "adjudicate the rights of the parties and enforce the lien." 770 ILCS 5/1 (West 2006); *Philip Morris*, 198 Ill. 2d at 95. The court has a duty to hear evidence concerning the services rendered by the attorney claiming the lien and adjudicate the rights of the parties within five days of the filing of the petition. *Phelps*, 37 Ill. App. 2d at 52 (addressing two attorneys' competing fee claims); 770 ILCS 5/1 (West 2006).

At a hearing on a petition to enforce the lien, the attorney bears the burden of making a *prima facie* showing that he has complied with the Act, both in establishing and enforcing the lien. *Cazalet v. Cazalet*, 322 Ill. App. 105, 112 (1944); *Philip Morris*, 198 Ill. 2d at 95. Absent such a showing, the attorney forfeits his lien rights or risks dismissal of his petition to enforce for failing to strictly adhere to the procedural requirements prescribed by the Act. *Philip Morris*, 198 Ill. 2d at 95; *Cazalet*, 322 Ill. App. at 112.

Here, Rossiello alleged in his verified amended counterclaim that he "served notice of his attorney's lien on Sudler" and that "[s]aid attorney's lien, by virtue of the statute, created in Mr. Rossiello *** an absolute and unconditional right to the immediate possession of any funds received" by Anderson. He further alleged that he "demanded enforcement of his attorney's lien and possession

of his attorney's fees by reason of the duly perfected lien, to wit, via certified mail, return receipt requested, and requested that [KSN] and [Sudler] make no payment to [Anderson] without deferring to his attorney's lien."

However, Rossiello did not allege that his right to immediate possession of the fees derives from an adjudication and enforcement of the lien pursuant to a petition filed with the court, as the Act requires, either in this case or in Anderson's sexual harassment case. Rather, he alleged that his right to immediate possession of the fees derives from his "duly perfected lien." Nevertheless, a perfected lien does not confer a guaranteed right to the claimed fees. See *Philip Morris*, 198 Ill. 2d at 95. Therefore, Rossiello cannot properly plead that he has an absolute and unconditional right to immediate possession of the claimed funds in dispute and his counterclaim for conversion must fail. See *Edwards v. City of Chicago*, 389 Ill. App. 3d 350, 352-53, 905 N.E.2d 897, 901 (2009).

We also note that in his "Answer to the Amended Motion to Dismiss the Amended Counterclaim," verified pursuant to section 1—109 of the Code (735 ILCS 5/1—109 (West 2006)), Rossiello acknowledged that his claim for $2,125 in fees was based on recovery in *quantum meruit* for services rendered up to the date of discharge by Anderson. Again, although Rossiello claims he is entitled to recover the full amount asserted, that claim must be evaluated by the court. See *Anderson v. Anchor Organization for Health Maintenance*, 274 Ill. App. 3d 1001, 1007 (1995) (acknowledging that a court must determine whether fees in *quantum merit* are warranted and in what amount).

Under the theory of *quantum meruit*, a court is literally to award an attorney " ' "as much as he deserves." ' " *Wegner v. Arnold*, 305 Ill. App. 3d 689, 693 (1999), quoting *Kannewurf v. Johns*, 260 Ill. App. 3d 66, 74 (1994), quoting *Lee v. Ingalls Memorial Hospital*, 232 Ill. App. 3d 475, 478 (1992). The trial court has broad discretionary powers in awarding reasonable attorney fees and its determination is based on the evidence presented by the parties. *In re Estate of Callahan*, 144 Ill. 2d 32, 43-44 (1991). Although the client is liable to pay for the reasonable value of the services rendered by the attorney after discharging him, the burden of proof is on the attorney to establish the value of his services. *Thompson v. Hiter*, 356 Ill. App. 3d 574, 581 (2005); *Estate of Callahan*, 144 Ill. 2d at 43. Absent any allegation that the court has made a determination as to the amount Rossiello is owed, he cannot assert that he has an absolute and unconditional right to the immediate possession of the fees and, therefore, cannot state a claim for conversion.

Furthermore, Rossiello's counterclaim must fail because he cannot establish that defendant wrongfully assumed control, dominion, or ownership over the disputed attorney fees. It has long been held that the Act only requires that the party against whom an attorney's lien claim is made "shall, after notice, *** retain sufficient funds from the amount of the settlement to satisfy the lien of the attorney for his fees." *Case v. Emerson-Brantingham Co.*, 269 Ill. 94, 97 (1915), citing *Sutton v. Chicago Rys. Co.*, 258 Ill. 551, 553 (1913). In its complaint for interpleader, KSN alleged that "pursuant to the assertion of Rossiello's attorney's lien, the amount of $2,125 was withheld and deposited in [KSN]'s escrow account pending resolution of [Rossiello's] attorney's lien." Rossiello admitted that allegation in his verified answer. KSN fulfilled its obligation to set aside the amount claimed by Rossiello and held it in escrow pending adjudication of the lien. Moreover, approximately one month after KSN learned that Anderson disputed the fees, it filed the instant action for interpleader seeking to deposit the funds with the court. Thus, KSN did not wrongfully assume control over the fees. For all of these reasons, the court properly dismissed the counterclaim for failure to state a cause of action for conversion.

■ Rossiello also contends on appeal that the court erred in permitting KSN to voluntarily dismiss the interpleader action because his motion for summary judgment remained pending. Following our *de novo* review of the dismissal (*Davis*, 387 Ill. App. 3d at 682), we agree with Rossiello that the court erred in dismissing the interpleader action. However, we base our decision on a different rationale.

Section 2—409 of the Act provides:

> "Persons having claims against the plaintiff arising out of the same or related subject matter may be joined as defendants and required to interplead when their claims may expose plaintiff to double or multiple liability." 735 ILCS 5/2—409 (West 2006).

The purpose of an interpleader action is to permit a neutral stakeholder to seek a judicial determination of the rights to a specific fund of money where there are conflicting or disputed claims to that fund. *Amalgamated Trust & Savings Bank v. Silha*, 121 Ill. App. 3d 1033, 1041 (1984); *Chicago Title & Trust Co. v. Czubak*, 42 Ill. App. 3d 349, 352 (1976). The stakeholder is not required to make a determination as to the rights of the prospective claimants but, rather, may deposit the contested funds with the court "to avoid acting at his own peril" and exposing himself to liability. *Czubak*, 42 Ill. App. 3d at 352.

We long ago set forth the proper procedure for addressing an action for interpleader in *City National Bank & Trust Co. of Chicago v. Dunham*, 306 Ill. App. 354, 359-60 (1940). First, the court conducts a hearing on the issues raised in the plaintiff's complaint and the

defendants' answers and considers any evidence presented.[1] Then, the court enters an order stating whether the plaintiff's complaint for interpleader is proper. If the complaint is proper, the court orders the plaintiff to deposit the disputed funds with the clerk of the court and orders the defendants to interplead as to each other. Finally, where appropriate, the court discharges the plaintiff from the action, awarding costs. *Dunham*, 306 Ill. App. at 359-60; *First Financial Insurance Co. v. Johnson*, 68 Ill. App. 3d 294, 298-99 (1979); *Elmhurst National Bank v. Glos*, 99 Ill. App. 2d 74, 79 (1968). See also W. Barnes & E. Singer, *Interpleader*, in Illinois Civil Practice: Opening the Case §§9.38, 9.39 (Ill. Inst. for Cont. Legal Educ. 2009). Each defendant remaining in the action must then prove its respective right to the disputed funds. *Johnson*, 68 Ill. App. 3d at 299; *Glos*, 99 Ill. App. 2d at 79.

In this case, although the court ordered KSN to deposit the disputed funds with the court, it made no preliminary determination as to the propriety of the interpleader complaint. Furthermore, it did not order Anderson and Rossiello to interplead as to each other, as required by *Dunham* and specifically requested by KSN. Most importantly, it dismissed the entire complaint for interpleader without resolving the parties' rights to the disputed funds, stating that the only purpose of that complaint was "to interplead these funds with the court, which has been done. *** [T]here's nothing else pending." The court erred in doing so. Therefore, we reverse the court's order dismissing the complaint for interpleader and remand the cause with directions to hear evidence on the complaint, make the determinations necessary to comply with the proper procedure set forth in *Dunham*, and determine the rightful owner of the disputed funds. See *Johnson*, 68 Ill. App. 3d at 298-99; W. Barnes & E. Singer, *Interpleader*, in Illinois Civil Practice: Opening the Case §§9.38, 9.39 (Ill. Inst. for Cont. Legal Educ. 2009).

Finally, section 2—409 of the Code does not establish the procedure by which a defendant in interpleader may assert his claim to a disputed fund. *Franklin v. Anna National Bank*, 115 Ill. App. 3d 149, 153 (1983); 735 ILCS 5/2—409 (West 2006). However, we have previously recognized that where a defendant in interpleader asserts its right to

---

[1]Although *Dunham* also sets forth a four-part test to determine whether a complaint in interpleader may be maintained, it recognized that that test was derived from an earlier supreme court decision that predated any statute governing the procedure in interpleader. *Dunham,* 306 Ill. App. at 361-62. Therefore, we do not suggest that the test to maintain a complaint for interpleader recited in *Dunham* applies here, as it has been supplanted by the enactment of section 2—409 of the Act (735 ILCS 5/2—409 (West 2006)).

the fund in an answer or counterclaim, but asserts no affirmative defense or separate cause of action against another party, then the claim contained in the answer or counterclaim is sufficient. *Franklin*, 115 Ill. App. 3d at 152-53.

We note that in this case, both Anderson and Rossiello filed answers to the complaint in interpleader. In her answer, Anderson denied that Rossiello represented her in her claims against Sudler and Prairie Home. In his verified answer, Rossiello asserted that he was entitled to the disputed funds by virtue of his attorney's lien. On remand, the court should consider the sufficiency of the claims made in the parties' answers in light of *Franklin*, as well as Rossiello's motion for summary judgment and motion to enforce attorney's lien.

For the foregoing reasons, we affirm the court's order dismissing Rossiello's counterclaim for conversion. Furthermore, we reverse the court's dismissal of KSN's complaint for interpleader and remand the matter for further proceedings consistent with this opinion.

Affirmed in part and reversed in part; cause remanded with directions.

MURPHY, P.J., and QUINN, J., concur.