2023 IL App (2d) 220055
No. 2-22-0055
Opinion filed December 18, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF MARK R. LINDELL, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Petitioner and Counterrespondent- | ) | |
| Appellee, | ) | |
| | ) | |
| and | ) | No. 18-D-1224 |
| | ) | |
| JOANNA E. LINDELL, | ) | |
| | ) | Honorable |
| Respondent and Counterpetioner-. | ) | D. Christopher Lombardo, |
| Appellant, | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Hutchinson and Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1    Respondent, Joanna E. Lindell, appeals the trial court's parental allocation judgment, restricting her parenting time with the three children from her marriage to petitioner, Mark R. Lindell.[1] Joanna maintains that the evidence did not support the court's finding that she engaged

_____

[1]Our disposition in this accelerated case was originally due July 3, 2023. Given extensions to the briefing schedule, dismissal, and reinstatement of the appeal, due to failure to comply with court orders, the filing of a supplemental record on appeal, and the completion of briefing on October 20, 2023, we have good cause for the delay in filing our disposition pursuant to Illinois

in conduct that threatened the mental, moral, or physical health of the children and that the court erred in considering the evaluator's reports. Mark seeks sanctions pursuant to Illinois Supreme Court Rule 375 (eff. Feb. 1, 1994) in connection with this appeal. We affirm, with sanctions.

¶ 2                                    I. BACKGROUND

¶ 3      Joanna and Mark were married in 2010. Three children were born to the couple during the marriage. Mark filed to dissolve the marriage in July 2018, and Joanna filed a counterpetition; both parties alleged that irreconcilable differences had caused the irretrievable breakdown of the marriage.

¶ 4      According to Joanna, she was having difficulty sleeping and "showing symptoms of her ADHD condition" in July 2018. Mark had discussions with friends and the chief medical officer of the corporation that owned and managed the local hospital where Joanna and Mark were employed and shared his belief that she was on drugs, had an eating disorder, and needed treatment. Joanna was required to go on leave and complete a neuropsychological evaluation. The evaluation indicated that Joanna was experiencing depression and anxiety with a history of ADHD, and recommended that she attend a program for eating disorders.

¶ 5      In December 2018, the court appointed Marc R. Fisher to serve as guardian *ad litem* (GAL) to report on the well-being of the three children. In April 2019, Phyllis E. Amabile, M.D., was appointed as a case evaluator to make recommendations to the court about the couples' parenting capabilities. Further, according to Joanna, she was ordered to submit to a hair test, the results of which, released in June 2019, "alleged that [her] test was positive for EtG and measured at 41[,]

---

Supreme Court Rule 311(a)(5) (eff. July 1, 2018).

which was proof that [she] was a severe alcoholic who daily consumed substantial amounts of alcoholic beverages."

¶ 6 Dr. Amabile issued her evaluation in September 2019. In February 2021, the court denied Joanna's request to continue the trial date. In May 2021, following a hearing, the trial court issued a judgment of dissolution of marriage and an allocation of parental responsibilities and parenting time. Noting the "extensive" testimony of Dr. Amabile and Fisher, the court found the evidence "credible and convincing that [Joanna] suffers from longstanding issues of anxiety, eating disorder, insomnia, post-partum depression, possible ADHD *** which she has attempted to manage with alcohol, opiates, sleeping medications, and benzodiazepines at different times." The court further found that the "evidence suggests that [Joanna] has misused or abused these substances." Based on the totality of the evidence admitted at trial, "particularly the evidence submitted by Dr. Amabile and the consistent recommendations of the Guardian *ad litem*," the court found it to be in the best interests of the children that Mark be allocated "sole decision making for the children, that he be required to keep Joanna informed regarding all major decisions related to the children, and that the children continue to reside with Mark."

¶ 7 Additionally, the court found that Joanna "has engaged in conduct that has or will seriously endanger the mental, moral, or physical health of the children and that such conduct has significantly impaired the emotional development of the children." Accordingly, the court found it in the best interests of the children that Joanna's parenting time be supervised.

¶ 8 On June 28, 2021, Joanna filed a motion to reconsider and grant a new trial, arguing that (1) the limitations on her parenting time and parenting responsibilities resulted from an unlawful conspiracy involving Mark; Fisher; Dr. Amabile; two of Mark's attorneys; and Steven Slater, the owner of a lab where someone else's hair was intentionally substituted for Joanna's hair during a

test for alcohol and drug abuse, (2) Mark paid off the coconspirators with checks received from his stepmother; (3) Fisher refused to investigate Joanna's child abuse claims directed at Mark, and (4) Dr. Amabile's evaluator's reports—which found that, due to substance abuse and inadequately treated mental health problems Joanna's conduct endangered the children—were contradicted by her treating psychiatrist, Dr. Hummel, and should have been disregarded. The motion to reconsider was filed without supporting documentation.

¶ 9    In denying the motion to reconsider and grant a new trial, the court found that "the pleading was nothing but conclusory and replete with farfetched conspiracy notions that's no[t] pleading with any fact." The court further noted that the motion did not "address anything that relates to misapplication of law, change in law, or newly discovered evidence, evidence that could not have been known by Joanne [*sic*] Lindell at the time of trial."

¶ 10    Joanna timely appealed from the court's judgment regarding the allocation of parenting time.

¶ 11                          *Joanna's Appellate Court Motions*

¶ 12    Joanna filed her notice of appeal in February 2022 under the accelerated disposition provisions of Illinois Supreme Court Rule 311 (eff. July 1, 2018). In May 2022, after receiving an overdue warning with respect to her opening brief (this court also issued an overdue warning with respect to Joanna's docketing statement), Joanna moved for an extension of time to file the brief, stating that the court reporter had not provided the "transcript from the post-trial motions," which Joanna alleged was "essential" to preparing her brief. We allowed the motion. Seven weeks later, Joanna repeated her motion. We entered an order holding the extension motion in abeyance and directing Joanna to file a written statement from the court reporter "relating (1) when the reporter received the request to prepare the transcripts of the posttrial proceedings/motions and (2) how

long it will take to submit the requested transcripts." When Joanna did not meet the July 7, 2022, deadline for filing the statement, we denied her motion for an extension of time and dismissed her appeal. We later reinstated the appeal pursuant to Illinois Supreme Court Rule 367 (eff. Nov. 1, 2017), following a detailed explanation by Joanna of the circumstances surrounding the court reporter's delay.

¶ 13    The record shows that on November 1, 2022, a supplemental record was filed, containing only the transcript of the hearing on Joanna's motion to reconsider and grant a new trial. (No motion to supplement filed prior to November 1 appears in the record.) The transcript is not mentioned in Joanna's opening brief, which was filed on November 22, 2022. In January 2023, Joanna moved to supplement the record on appeal with "all documents" filed following the preparation of the record on March 29, 2022, alleging that "much of Appellant's documentary evidence" was filed after that date. The motion to supplement was granted. The supplemental record, filed on October 4, 2023, contained the transcript of the hearing on Joanna's motion to reconsider and grant a new trial. While it did not include the text of that motion, it did contain Joanna's motion to reconsider the court's order granting a sanctions motion against her filed by Fisher, together with attached exhibits. The exhibits included, *inter alia*, documents pertaining to banking, mailing, and parking garage transactions and to testing of Joanna's urine conducted by Dr. Hummel, all bearing dates from 2018 and 2019.

¶ 14    Joanna filed a reply brief on October 20, 2023, in which she cited the motion to reconsider the trial court's order granting the sanctions motion and the attached exhibits. The order granting the sanctions motion was entered on September 30, 2022, and is not part of the instant appeal.

¶ 15                                    II. ANALYSIS

¶ 16                                   A. Joanna's Appeal

¶ 17    Joanna contends that insufficient reliable evidence was presented at trial to support the finding that her actions seriously endangered the children. Joanna also argues that the trial court erred by not disregarding Dr. Amabile's evaluation reports.

¶ 18    On review, the trial court's decision will not be overturned "unless the court abused its considerable discretion or its decision is against the manifest weight of the evidence." *In re Marriage of Whitehead*, 2018 IL App (5th) 170380, ¶ 15. A court abuses its discretion when it acts arbitrarily, without conscientious judgment, or, in view of all the circumstances, exceeds the bounds of reason and ignores recognized principles of law, resulting in substantial injustice. *In re Marriage of Daebel*, 404 Ill. App. 3d 473, 486 (2010). "A decision is against the manifest weight of the evidence only when an opposite conclusion is apparent or when the findings appear to be unreasonable, arbitrary, or not based on the evidence." *Eychaner v. Gross*, 202 Ill. 2d 228, 252 (2002).

¶ 19    We are unable to review the merits of Joanna's evidentiary claims, because the record on appeal is incomplete. As the appellant, Joanna bears the burden of presenting a sufficiently complete record on appeal to support her claims of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984) (where there was no transcript of the hearing, there was no basis to find that the trial court abused its discretion). When the record on appeal is inadequate, the reviewing court will presume "that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch*, 99 Ill. 2d at 392. Moreover, "[a]ny doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.*

¶ 20    The record in this case does not include a transcript of the trial or any of the exhibits the court references in its written judgment. As a result, we cannot determine whether the trial court's reliance on Mr. Fisher's or Dr. Amabile's "extensive" testimony was an abuse of discretion or its

decision was against the manifest weight of the evidence. Rather, we must presume that the trial court correctly rejected Joanna's claims and properly allocated the parties' parenting time. *Id.*

¶ 21    Joanna nevertheless contends that the supplemental record, which she cites in her reply brief, provides adequate evidentiary support for her claim that she was the victim of an unlawful conspiracy for Mark to gain favorable custody and visitation terms. This argument fails for several reasons. First, Joanna cites her motion to reconsider the court's grant of Fisher's sanctions motion and cites the exhibits she attached to that motion; the sanctions ruling—and her motion to reconsider it—are not presently before this court. Second, she provides no explanation for why this material was not presented to the trial court at the time of the hearing on the allocation of parenting time. See *Cable America, Inc. v. Pace Electronics, Inc.*, 396 Ill. App. 3d 15, 24 (2009) (the purpose of a section 2-1203 motion (735 ILCS 5/2-1203 (West 2006)) to reconsider is to bring to a trial court's attention newly discovered evidence, changes in the law, or errors in the court's previous application of existing law). Since the allegations in Joanna's motion to reconsider the allocation of parenting time are essentially the same as the allegations in her motion to reconsider the sanctions order—and the documents she now presents as supporting evidence are dated at least two years prior to the hearing on the allocation of parenting time—we can only surmise that the supporting evidence was available for presentation to the court at the time of the hearing.

¶ 22    Finally, Joanna's reliance on Dr. Hummel's testing and opinions is unavailing: as she concedes, Dr. Hummel's testimony was barred due to Joanna's failure to comply with the witness disclosure requirements of Illinois Supreme Court Rule 213(f) (eff. Jan. 1, 2018), and she does not challenge the court's discovery sanction on appeal. She has forfeited any argument based on Dr. Hummel's testing or opinions. See *In re Marriage of Cummings*, 2022 IL App (1st) 211507, ¶ 37

n.3 (" '[p]oints not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing' " (quoting Ill. S. Ct.341(h)(7) (eff. Oct. 1, 2020))).

¶ 23    For the above reasons, we affirm the trial court's judgment.

¶ 24                              B. Mark's Motion for Sanctions

¶ 25    Mark's response brief includes a motion for sanctions under Illinois Supreme Court Rule 375 (eff. Feb. 1, 1994). Rule 375(b) allows us to impose an appropriate sanction upon a party or a party's attorney if

> "it is determined that the appeal or other action itself is frivolous, or that an appeal or other action was not taken in good faith, for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, or the manner of prosecuting or defending the appeal or other action is for such purpose." Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994).

"The purpose of Rule 375(b) is to condemn and punish the abusive conduct of litigants and their attorneys who appear before us." *Fraser v. Jackson*, 2014 IL App (2d) 130283, ¶ 51. An appeal is frivolous when "it is not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). "In determining whether an appeal is frivolous, we apply an objective standard; the appeal is considered frivolous if it would not have been brought in good faith by a reasonable, prudent attorney." (Internal quotation marks omitted.) *Thompson v. Buncik*, 2011 IL App (2d) 100589, ¶ 21.

¶ 26    Joanna unduly delayed this appeal by ignoring our request for an explanation of the missing transcript, which she deemed "essential" to her appeal, and offering one only after we dismissed the appeal. As she did not reference the transcript in her brief when it was finally made part of the

record on appeal, we can conclude only that her purpose in taking this appeal was to cause unnecessary delay or increase in the cost of litigation. Moreover, Joanna misled the court by moving to supplement the record on appeal with "all documents" filed following the original preparation of the record and then citing "documentary evidence" filed in support of a motion to reconsider a ruling that is not currently on appeal.

¶ 27 Finally, Joanna's appeal from the trial court's allocation of parenting time is not "reasonably well grounded in fact"; her citations are primarily to her own trial court filings, which are rife with unverified allegations. See *Asher Farm Ltd. Partnership v. Wolsfeld*, 2022 IL App (2d) 220072, ¶ 66 (arguments in appellate briefs premised on a mischaracterization of the record are frivolous and not taken in good faith). Joanna's "unlawful conspiracy" theory, in particular, is unsupported by the record on appeal applicable to this case and, therefore, was presumably brought for the purpose of harassing Mark and the five nonparty professionals she identifies.

¶ 28 In short, we conclude that this appeal would not have been brought in good faith by a reasonable, prudent attorney. Sanctions must be levied where cases "drain valuable resources intended to benefit those who accept the social contract of living under a law-based system of government." *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 88. Accordingly, we grant Mark's motion for sanctions on the basis that the appeal is frivolous.

¶ 29 We direct Mark's attorney to file a statement of reasonable expenses and attorney fees within 14 days. Joanna's attorney shall have 14 days to file a response. We will thereafter file an order determining the amount of sanctions that will be imposed. See *Magee v. Garreau*, 332 Ill. App. 3d 1070, 1078 (2002).

¶ 30                                   III. CONCLUSION

¶ 31 The judgment of the circuit court of Lake County is affirmed, with sanctions.

¶ 32    Affirmed.

*In re Marriage of Lindell*, **2023 IL App (2d) 220055**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Lake County, No. 18-D-1224; the Hon. D. Christopher Lombardo, Judge, presiding. |
| **Attorneys for Appellant:** | James J. Macchitelli, of Schaumburg, for appellant. |
| **Attorneys for Appellee:** | Michael G. DiDomenico and Sean M. Hamann, of Lake Toback DiDomenico, of Chicago, for appellee. |