2026 IL App (1st) 251144-U

THIRD DIVISION
March 25, 2026

No. 1-25-1144

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| JOVAN LESLIE MONIQUE LANDRY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 20231116648 |
| | ) | |
| MARVA LEE and LUDWIG & COMPANY, | ) | Honorable |
| | ) | Michael J. Zink, |
| Defendants-Appellees. | ) | Judge Presiding. |

_____

JUSTICE REYES delivered the judgment of the court.
Justices Lampkin and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Affirming the judgment of the circuit court of Cook County in favor of the defendants where the record on appeal was insufficient to support the plaintiff's claims of error.

¶ 2    Jovan Leslie Monique Landry (Landry) leased an apartment in a residential building in Chicago which was managed by Ludwig & Company (Ludwig).  After Ludwig terminated her lease, Landry filed a *pro se* action in the circuit court of Cook County against Ludwig and one of its employees, Marva Lee.  Landry sought more than $25,000 in damages based on violations of the Chicago Residential Landlord Tenant Ordinance (RLTO) and other alleged misconduct.

¶ 3       Following a bench trial, the trial court entered a judgment in favor of Landry and against defendants in the amount of $798.30 (which has been paid) and subsequently dismissed the case with prejudice.  In this *pro se* appeal, Landry maintains that the trial judge exhibited bias against her and in favor of defense counsel, in violation of the Illinois Code of Judicial Conduct.  She also claims that the trial court erred by excluding certain evidence at trial.  Based on the foregoing, Landry argues she is entitled to an additional judgment in the amount of $24,946.74.  As discussed below, the insufficiency of the record on appeal precludes our effective review of her claims of error, and we thus affirm the judgment of the trial court.

¶ 4                                        BACKGROUND

¶ 5       After her original complaint and first amended complaint were dismissed without prejudice, Landry filed her second amended complaint (operative complaint), which alleged, in part, as follows.  Landry leased an apartment for $775 per month in a residential building in the 11100 block of South Langley Avenue in Chicago, commencing in May 2020.  As the building participates in a federal low-income housing tax credit program, Landry was required to submit a recertification packet in 2023 to verify her continued eligibility.

¶ 6       The operative complaint alleged that, after Landry submitted the completed recertification packet, she was notified that her rent was increasing to $825 per month.  Following communications with the building staff, Landry intended to renew her lease at the increased amount to avoid searching for and moving into a new apartment.  In a notice dated May 16, 2023, however, Ludwig informed Landry that her lease would be terminated and not renewed due to her alleged "failure and refusal to sign a new lease."  Landry vacated the apartment on August 31, 2023.

¶ 7       The operative complaint included two counts relating to violations of the RLTO.

Landry initially alleged that she received the notice of the rent increase on April 12, 2023, in violation of a 60-day notice requirement in the RLTO (Chicago Municipal Code § 5-12-130(j) (amended Nov. 24, 2020)). She also alleged that defendants failed to return her security deposit within a 45-day period after she vacated the apartment, in violation of the RLTO (*id.* § 5-12-080(d) (amended July 28, 2010)). Based on these alleged violations and other purported conduct by defendants, Landry sought a monetary judgment in the amount of $25,775.04, which included but was not limited to her moving expenses, parking fees, and postage costs, as well as her "mental anguish" due to the uncertainty with her housing.

¶ 8     The matter eventually proceeded to a bench trial. In a written order entered on May 14, 2025, the trial court (i) granted defendants' motion for a directed finding as to count I (violation of the 60-day notice requirement) and (ii) ordered defendants to pay $798.30 to plaintiff. Landry filed a notice of appeal, wherein she represented that the $798.30 consisted of "$775 awarded for the security deposit violation and reimbursement of $23.80 for summons." A subsequent order indicated that defendants had "tendered full payment" to plaintiff, and the case was dismissed with prejudice.

¶ 9                                    ANALYSIS

¶ 10    As a preliminary matter, we observe that defendants did not file a brief in this appeal. We will nevertheless address the merits of the appeal under the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). Pursuant to *Talandis*, in the absence of an appellee brief, a reviewing court should address the merits of the appeal where the record is simple and where the claimed errors are such that the court may easily decide the issues raised by the appellant. *In re Marriage of Earlywine*, 2013 IL 114779, ¶ 13.

¶ 11    Landry advances multiple contentions on appeal. She initially contends that the trial

3

judge admitted to knowing defense counsel, Robert Kahn, "for many years." According to Landry, the trial judge's "open familiarity" with defense counsel and repeated rulings in favor of defendants gave the appearance of judicial bias. Landry also maintains that the trial court "usurp[ed]" her presentation of her case by, among other things, interrupting her and "effectively argu[ing] for the defense from the bench." According to Landry, the foregoing comments and conduct violated the Illinois Code of Judicial Conduct. She further asserts that the trial court improperly excluded her exhibits, *i.e.*, receipts and affidavits from former tenants, under a "strained interpretation" of Illinois hearsay rules. Finally, Landry suggests that certain events in the early stages of the litigation—including Ludwig's successful motion for a substitution of judge—resulted in delays in this matter. Based on the foregoing issues, Landry seeks an additional award of damages in the amount of $24,946.74.

¶ 12    We are unable, however, to address Landry's contentions, as the deficiency of the record on appeal precludes our effective review. As the appellant, Landry has the burden to present a sufficiently complete record of the proceedings to support her claims of error. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Illinois Supreme Court Rule 321 requires that the appellate record contain the common law record and any report of proceedings prepared in accordance with Illinois Supreme Court Rule 323. Ill. S. Ct. R. 321 (eff. Oct. 1, 2021). Rule 323 addresses the preparation and filing of the transcripts of the circuit court proceedings and provides for an agreed statement of facts or a bystander's report if no verbatim transcript is available. Ill. S. Ct. R. 323 (eff. July 1, 2017).

¶ 13    The common law record was filed in this case on August 15, 2025. On the same date, Landry filed a motion requesting an extension of time to "gather records such as the transcripts from [the] circuit court." In an order granting the motion entered on August 20, 2025, we

allowed Landry to "file a supplemental record consisting of transcripts by October 1, 2025."

Landry has failed to file a supplemental record.

¶ 14     As we lack any transcript (or acceptable substitute) for the trial and other hearings, we are unable to assess the claims of error raised on appeal.  For example, we cannot determine whether the trial judge exhibited bias or whether the evidentiary rulings were erroneous in the absence of a record of the relevant proceedings.  *E.g.*, *Hassebrock v. Ceja Corp.*, 2015 IL App (5th) 140037, ¶ 77 (noting that "a reviewing court must know and understand all of the relevant facts" to "properly assess whether an appearance of impropriety warranted a judge's recusal"); *In re Marriage of Lindell*, 2023 IL App (2d) 220055, ¶ 19 (observing that the reviewing court was unable to review the merits of the appellant's evidentiary challenges where the record on appeal was incomplete).  Any doubts arising from the incompleteness of the record are resolved against Landry, as the appellant, and "we will assume the court's order was amply supported by the facts and conformed to the law."  *Scatchell v. Board of Fire & Police Commissioners for the Village of Melrose Park*, 2022 IL App (1st) 201361, ¶ 129.

¶ 15                                   CONCLUSION

¶ 16     For the reasons stated above, the judgment of the circuit court of Cook County is affirmed in its entirety.

¶ 17     Affirmed.